"This civilian pay case is before us on cross-motions for summary judgment. The plaintiff, formerly a Tax Examiner, GS-592-5, in the Internal Revenue Service, was separated by adverse action after notice of charges, and he has exhausted his administrative remedies. The charges, both sustained, were that he had knowingly made false written and oral statements in matters of official interest, and that he had knowingly caused a former employer to falsify records and submit a false document. In substance, the unhappy story was that as a youth of 18 he had been fired from his employment as a janitor for a private company, Malden Mills, of Lowell, Massachusetts, because *387 of sleeping on the job; that in filling out various IRS forms he said he had never been fired from a job for any reason, and had left Malden Mills for 'better wages’; that Malden Mills on inquiry advised IRS of the true reason for plaintiffs separation; that members of the IRS Inspection Service interrogated plaintiff and he made admissions; that he obtained by his request a letter from the Personnel Department at Malden Mills, stating he quit before he was terminated; that the Inspection Service then interviewed parties at Malden Mills and obtained statements that plaintiff had really been fired and was provided a letter to the contrary solely in response to his requests, to help him in getting a job.
"Subsequently, plaintiff, and his counsel on his behalf, insisted he really was not fired, or if he was, that he did not know it and made his denial in good faith, and that he communicated with Malden Mills on advice of counsel and only to correct an erroneous record. However, the Civil Service Commission has sustained the adverse action.
"Much of the evidence was in hearsay form, and plaintiff says it was not 'substantial evidence’ citing Jacobowitz v. United States, 191 Ct. Cl. 444, 424 F.2d 555 (1970). An idea did enjoy brief currency, that uncorroborated hearsay evidence was necessarily not substantial, but it was scotched in Richardson v. Perales, 402 U.S. 389 (1971), even though the Social Security Administration, there involved, had subpoena power, unlike the Civil Service Commission. Administrative agencies not only may receive hearsay evidence, but may treat it as substantial, even without corroboration, if the circumstances are such as to lend it credence. Wathen v. United States, 208 Ct. Cl. 342, 527 F.2d 1191 (1975), cert. denied, 429 U.S. 821 (1976). Plaintiff points to circumstances that give one pause, notably that IRS never would have known Malden Mills was a former employer but for his disclosure, and if he had known that inquiry there would reveal that Malden Mills had fired him, surely he would not have divulged that employment. Of course, IRS would have had Malden Mills’ form W-2, reporting its wage payments to plaintiff. The hearsay was mutually corroborative. Peters v. United States, 187 Ct. Cl. 63, 408 F.2d 719 (1969) (concurring opinion). On the whole, we think that a finding of innocence would have been possible, in view of plaintiffs denials and supporting circumstances, but the finding to the contrary does not lack *388 the support of substantial evidence, the standard we must apply.
"Next, plaintiff says the IRS did not follow its own regulations which require counseling and thereafter use of lesser disciplinary actions, reprimands and disciplinary suspensions, prior to discharge, citing Treasury Personnel Manual, Adverse Actions, Subch. 2 — 5(b)- Defendant responds that this concept of 'progressive discipline’ is limited by its own terms to cases where it appeals to management as suitable to the circumstances. It is obvious that false statements at the threshold of employment are once for all things, as to which performance cannot be improved by counseling or minor discipline later on.
"Finally, plaintiff says the punishment is wholly disproportionate to the offense, citing Boyce v. United States, 211 Ct. Cl. 57, 543 F.2d 1290 (1976), and Power v. United States, 209 Ct. Cl. 126, 531 F.2d 505 (1976). Those cases, however, were not intended to overrule or modify the long-held position of this court, that within a wide range of discretion, and absent manifest abuse of discretion, choice of penalty in adverse action cases was for the employing agency and the Civil Service Commission, not the court. Heffron v. United States, 186 Ct. Cl. 474, 405 F.2d 1307 (1969). Boyce and Power, supra, presented unusual circumstances not here evident. In reaching this point of the decision, we have already concluded that the false statements were wilful, or could be viewed as such by management. Williams v. United States, 193 Ct. Cl. 440, 434 F.2d 1346 (1970), deals also with wilful false statements by an Internal Revenue Service employee, of a nature better suited to invite sympathy than those at bar. The opinion of the court, however, cites a regulation that stresses the need for the Service to 'rely implicitly on the truthfulness of Revenue Service employees in matters of official interest.’ 193 Ct. Cl. at 450, 434 F.2d at 1352. Some 'matters of official interest’ are '* * * forms, which serve as a basis for appointment * * *.’ Williams’ false statements were in response to official inquiries about his private life, of a nature that would no doubt be universally held improper today, and even then were called improper in a concurring opinion. However, the court unanimously held that the false statements were of a nature to warrant dismissal even if the inquiries were improper. What we would do in Mr. Verrault’s case is, again, not the proper *389 standard. We cannot say, as in Powers and Boyce, that the action against Mr. Verrault is wholly arbitrary and unreasonable. His youth, and other mitigating factors, might have saved him from dismissal, but the law did not require them to. That ends the inquiry for us.
"Accordingly, after consideration of the administrative record, the briefs, and the oral arguments of the parties, the plaintiffs motion for summary judgment is denied, the defendant’s motion for summary judgment is granted, and the petition is dismissed.”