Pearl ALERS

v.

The UNITED STATES.

No. 53–79.

United States Court of Claims.

July 16, 1980.

Alan E. Wolin for plaintiff; Jack B. Solerwitz, Mineola, N. Y., attorney of record.

Lawrence S. Smith, Washington, D. C., with whom was Asst. Atty. Gen., Alice Daniel, Washington, D. C., for defendant.

Before SKELTON, Senior Judge, KASHIWA and BENNETT, Judges.

## ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT

KASHIWA, Judge.

In this action, plaintiff by seeking reinstatement and back pay challenges the correctness of her removal as an employee of the Internal Revenue Service (IRS). The parties are presently before this court on cross motions for summary judgment. Defendant asks us to hold plaintiff's removal was proper. There being no genuine issue as to any material fact, for the reasons set out below, we grant defendant's motion. Since doing so is dispositive of this action, we also dismiss plaintiff's petition in its entirety.

Immediately prior to March 7, 1977, plaintiff was employed as a Tax Fraud Investigative Aide, GS–5, with the IRS, Manhattan District, New York, New York. By letter dated March 7, 1977, plaintiff received an advance notice of her proposed removal as an employee of the IRS. Removal was based upon two charges: (1) intentional falsification of official Government documents in violation of IRM 0735.1, Section 225.5 and (2) conduct unbecoming an employee of the IRS in violation of IRM 0735.1, Section 221.1. The former charge was supported by the following three specifications:

*Specification 1*: You wrote a letter on official IRS stationery to the City of New York, Human Resources Administration, Department of Income Maintenance. This letter was dated August 25, 1975, and was intended to verify your earnings as an Internal Revenue Service employee. The information contained in this letter was false [because it did not accurately reflect your earnings and deductions as of August 25, 1975], and therefore misrepresented your earnings as a Service employee.

At the time you wrote the above–mentioned letter, you had a fellow employee, Roberta Benjamin, sign the name "John J. Alleva" to that letter. John Alleva was not your supervisor nor was he Ms.

Benjamin's supervisor. You had no authority, express or implied, to have his name signed to this or any other document. You intentionally falsified a government document to misrepresent the position of the Internal Revenue Service in a matter of official interest.

*Specification 2*: You attached a copy of your IRS Leave and Earnings Statement dated May 10, 1975, to the letter cited in Specification 1 of this charge. This statement indicated that you earned $7,198 annually; your actual yearly salary at this time was $7,849. * * * You intentionally falsified a government document to misrepresent the position of the Internal Revenue Service in a matter of official interest.

*Specification 3*: You forwarded a copy of your 1975 Wage and Tax Statement (Form W–2) to the Human Resources Administration, Department of Income Maintenance. You did this in response to a memorandum from that office dated June 9, 1976, which proposed to discontinue your public assistance. This form W–2 indicated that you earned $7,196.80 during 1975. However, the W–2 which you attached to your 1975 Income Tax Return indicated that you made $7,766.80 during 1975. * * * You intentionally falsified a government document to misrepresent the position of the Internal Revenue Service in a matter of official interest.

The latter charge was supported by one specification. Plaintiff replied to these charges in writing on March 14, 1977, and orally on April 25, 1977.

By letter dated May 25, 1977, Thomas P. Coleman, acting on behalf of the IRS, informed plaintiff she would be removed on June 10, 1977. This decision notice was later canceled on June 8, 1977. A new decision notice dated June 10, 1977, again authored by Mr. Coleman, stated that both charges were sustained and effective June 17, 1977, plaintiff would be removed for the

efficiency of the IRS. Plaintiff was in fact removed on that date. Plaintiff then appealed this removal decision to the Federal Employee Appeals Authority (Appeals Authority) of the Civil Service Commission.[1]

A hearing was held before an Appeals Authority hearing officer on March 23, 1978. In her testimony before the hearing officer, plaintiff admitted she prepared the letter of August 25, 1977, and had a co-worker affix Mr. Alleva's name to it. Mr. Alleva also appeared as a witness and testified that the signature on the letter was not his and the letter was sent without his knowledge or consent. Based on the evidence before him, the hearing officer concluded plaintiff had no authority to have Mr. Alleva's name signed to this letter. In addition, the letter disclosed the amount of plaintiff's earnings and deductions. Plaintiff's actual level of earnings and deductions as of August 25, 1975, was different than that indicated in this letter.

While plaintiff offered no defense to her unauthorized fabrication of the letter, she contended the earnings and deduction information contained therein was accurate. Plaintiff insisted the purpose of the letter was to indicate her earnings and deductions not as of the date of the letter but as of some previous time and that the information in the letter was an accurate reflection of earnings and deductions as of this earlier date. In rejecting this defense, the hearing officer focused on the statement in the letter that: "This is to verify that Pearl Alers *is earning* the following with deductions." [Emphasis supplied]. He viewed this as evidence that the letter was meant to reflect plaintiff's wages and deductions as of August 25, 1977, and therefore contained false information. Since (1) plaintiff admitted the fabrication, (2) the earnings and deduction information was false, and (3) the hearing officer rejected plaintiff's defense, the hearing officer held plaintiff had intentionally falsified the letter.

1. Effective January 1, 1979, the Civil Service Commission was reorganized into the Merit Systems Protection Board and the Office of Personnel Management. Since all actions complained of in the petition occurred prior to January 1, 1979, the reviewing agency will be referred to throughout as the Civil Service Commission.

Plaintiff also admitted at the hearing that she altered the amount of earnings on her May 10, 1975, Leave and Earnings Statement to show her wages were $7,198 per annum. Plaintiff was in actuality earning $7,849 per annum as of May 10, 1975. Plaintiff contended the purpose of this statement was to reflect her income as of some prior date and not income as of May 10, 1975. The hearing officer found this explanation to be lacking in credibility and instead found plaintiff intentionally falsified this statement to misrepresent her level of earnings as of May 10, 1975.

Finally, plaintiff also admitted she altered a Wage and Tax Statement for her tax year 1975 to show she earned $7,196.80 that year. Her actual salary in 1975 was $7,766.80. The hearing officer again rejected as not being credible plaintiff's defense that this statement was meant to show plaintiff's salary as of some earlier time. He accordingly held plaintiff intentionally falsified this document to understate her true income.

Having found plaintiff intentionally falsified the August 25, 1975, letter, the IRS Leave and Earnings Statement and a copy of her 1975 Wage and Tax Statement, the hearing officer then considered whether such conduct constituted a violation of IRM 0735.1, Section 225.5. This provision, a part of the IRS' Handbook of Employee Responsibility and Conduct, provides in relevant part as follows:

> * * * An employee may be subjected to severe disciplinary action and prosecution for intentionally making false or misleading verbal or written statements in matters of official interest. Some of these matters of official interest are: transactions with taxpayers, other Federal agencies or Federal employees; entries on tax returns, work reports of any nature or accounts of any kind, vouchers, leave requests, application forms, and other forms which serve as the basis for appointments, reassignment, promotion or other personnel actions; and affidavits, transcripts of testimony or statements to Inspection, whether or not under oath.

The hearing officer viewed the enumeration of matters of official interest as being illustrative and not exhaustive. He then concluded the documents intentionally falsified by plaintiff were matters of official interest within the meaning of IRM 0735.1, Section 225.5. He therefore held each of the specifications underlying charge one was sustained by a preponderance of the evidence. The hearing officer then examined the evidence with regard to the specification underlying charge two and held this specification was also sustained by a preponderance of the evidence.

In a decision dated May 19, 1978, the Appeals Authority held that since all the specifications were sustained, both charges one and two were also sustained. It also concluded that plaintiff's removal would promote the efficiency of the IRS. Finally, it stated removal was not arbitrary, capricious or unreasonable and not too harsh a penalty. It therefore affirmed the IRS' removal of plaintiff. Plaintiff then filed suit in this court.

In her argument before this court, plaintiff advances three reasons for not attaching finality to the decision of the Appeals Authority. Plaintiff insists its decision (1) was not supported by substantial evidence, (2) was "infested by improper and illegal procedure" and (3) was arbitrary and capricious.[2] As discussed below, charge one, considered alone, is sufficient for us to attach finality to the Appeals Authority's decision. For this reason, we have not discussed charge two in detail and will not further discuss this charge at all. To the extent they impact on charge one, we now address plaintiff's objections.

---

2. In her pleadings, plaintiff also alleged that the Appeals Authority in reaching its decision discriminated against her on account of her race and sex. However, at oral argument plaintiff's attorney conceded this objection was errone- ously asserted and was never meant to be raised as a challenge to the Appeals Authority's decision. We therefore do not further discuss this discrimination issue.

We do not understand how plaintiff can realistically contend there was not substantial evidence supporting the Appeals Authority's sustaining of charge one. In testifying before the Appeals Authority, plaintiff admitted she altered the data on the Leave and Earnings Statement and the Wage and Tax Statement, prepared the August 25 letter, and had a co–worker affix Mr. Alleva's name to such letter. While it is true plaintiff insisted she did not do so with the intent to falsify, the hearing officer chose to disbelieve this defense. Since the hearing officer had the opportunity to observe plaintiff's demeanor and make a determination as to her credibility, we cannot say he acted unreasonably in disbelieving plaintiff. Considering plaintiff's admissions together with the rejection of her explanation, the hearing officer could have reasonably concluded plaintiff altered these documents for the purpose of intentionally falsifying them. *Scanland v. United States Army Test and Evaluation Command*, 389 F.Supp. 65, 75 (D.Md.1975). Clearly, there was more than a scintilla of evidence to this effect. Plaintiff's only response is that the Appeals Authority relied entirely upon hearsay evidence and such evidence cannot be substantial evidence. The short answer is that the Appeals Authority did not rely solely on hearsay. Plaintiff's own admissions coupled with the rejection of her explanation amounted to substantial evidence. Clearly, plaintiff's testimony as to what she herself did was not hearsay. There therefore was substantial evidence to sustain charge one.

In contending the decision was procedurally improper, plaintiff makes a number of arguments. Plaintiff initially insists the August 25 letter, the IRS Leave and Earnings Statement and the Wage and Tax Statement were not "matters of official interest" within the meaning of IRM 0735.1, Section 225.5. Plaintiff is incorrect. As an initial matter, it is clear from the language of this provision that the enumeration contained therein is merely illustrative, and not exhaustive, of the types of matters of official interest. In addition, the August 25 letter was written on official IRS station-

ery, was purportedly signed by an IRS official, and was represented to be an official IRS document. The intentional falsification of this letter therefore was a matter of official Government interest. The Leave and Earnings and Wage and Tax Statements were also documents prepared by the IRS. As such, the IRS implicitly represented that the data contained therein was accurate. By altering these statements so that such data became false, plaintiff was making it appear that the IRS had verified the accuracy of such false data. Plaintiff's intentional falsification of these statements thus also was a matter of official interest.

Plaintiff also points to the June 8, 1977, cancellation of the original decision notice and the issuance of a second notice dated June 10, 1977. We, however, do not see how this sequence of events made plaintiff's removal procedurally defective. Canceling the first notice and actually removing plaintiff pursuant to the second notice in no way placed plaintiff at any disadvantage. If anything, plaintiff was actually benefited. By being removed pursuant to the second notice, she continued in a pay status for one week longer than would have been the case had removal occurred under the first notice.

Plaintiff next argues that the Appeals Authority acted improperly in denying her request for certain persons to testify before it. However, the only witnesses plaintiff specifically claimed were excluded were to testify with respect to the discrimination issue. Having conceded this issue is not before the court, not allowing these people to testify did not harm plaintiff.

As her final argument for procedural irregularity, plaintiff claims the Appeals Authority did not afford her the opportunity to meaningfully question her accusers. Specifically, plaintiff alleges that none of the witnesses testifying against her had any personal knowledge of the falsification of the three documents. This is simply incorrect. The IRS presented witnesses who did have personal knowledge. Mr. Joseph Greco, an IRS inspector, testified at the hear-

**564**

ing concerning the alteration of the Leave and Earnings and Wage and Tax Statements. The transcript of Greco's testimony shows he examined both the official Leave and Earnings and Wage and Tax Statements on file with the IRS and compared them with the statements plaintiff altered. Since he personally observed and noted the discrepancies, he did have personal knowledge of the falsification. In addition, the IRS official who sent the March 7, 1977, advance notice of proposed removal testified and was cross–examined by plaintiff's attorney. Mr. Alleva also testified with respect to the August 25 letter. Of even greater importance, plaintiff appeared as a witness and admitted she fabricated the August 25 letter and had Mr. Alleva's name affixed to it. She also admitted altering the other two documents. Plaintiff thus in effect testified against herself. Clearly, plaintiff was one witness who did have personal knowledge concerning the falsification of these three documents. There were thus a number of witnesses who did have personal knowledge and who could be meaningfully questioned by plaintiff's attorney. We must therefore reject plaintiff's contention of lack of meaningful opportunity to question her accusers.

 Plaintiff insists the Appeals Authority's decision was arbitrary and capricious because (1) her removal did not promote the efficiency of the IRS and (2) the penalty of removal is disproportionate to the nature of the offense committed. We cannot agree. With respect to plaintiff's former point, all that must be established is some rational basis for concluding plaintiff's discharge will promote the efficiency of the IRS. If this rational basis does exist, then for purposes of judicial review, the discharge does in fact promote the efficiency of the IRS. *Young v. Hampton*, 568 F.2d 1253 (7th Cir. 1977) (written by Kunzig, J., sitting by designation). On the facts of this case, this rational basis has been established. At the time of discharge, plaintiff was employed as a Tax Fraud Investigative Aide. As such, plaintiff handled sensitive tax data and worked with special agents. Her willingness to falsify

documents warranted the IRS's position that plaintiff could not be trusted in the future to guard the integrity of tax information that came into her possession in her official capacity. In light of this lack of trust, there is a rational basis for concluding plaintiff's discharge for intentional falsification will promote the efficiency of the IRS. With regard to plaintiff's latter point, "within a wide range of discretion, and absent manifest abuse of discretion, choice of penalty in adverse action cases [is] for the employing agency and the Civil Service Commission, not the court." *Verrault v. United States*, 578 F.2d 1389, 216 Ct.Cl. 386 (1978). Removal will thus be arbitrary and capricious only if such action is so disproportionate to the offense as to constitute a "manifest abuse of discretion." We do not feel plaintiff's removal was such a manifest abuse. The Appeals Authority concluded plaintiff intentionally falsified three documents and that such conduct was a matter of official interest. This action on the part of an IRS employee was so egregious that we hold removal was not a manifest abuse of discretion but falls within the wide range of discretion we accord to the employing agency and the Civil Service Commission. Since there is no merit to either of plaintiff's objections, the Appeals Authority's decision was not arbitrary and capricious.

## CONCLUSION

Plaintiff's objections all have no merit and we on our own have found nothing which makes the Appeals Authority's decision improper. Instead, we find its decision is supported by substantial evidence, is neither arbitrary nor capricious and is not infected with procedural irregularity. We therefore attach finality to its decision. *E. g., Shapley v. United States*, 214 Ct.Cl. 783, 786 (1977). Hence, plaintiff's removal was proper, entitling her to neither reinstatement nor back pay. This being dispositive of the issues in plaintiff's petition, we grant defendant's motion for summary judgment and dismiss plaintiff's petition in its entirety.