Plaintiff, an employee of the Internal Revenue Service (IRS), sues for back pay and reinstatement to his position as a supervisory auditor (GS-14, step 6) in the Office of Regional Inspector, Western Region. Plaintiff was demoted to a nonsupervisory position of auditor (GS-12, step 8) following an investigation of his conduct. We hold for defendant.
*619 Following the investigation, plaintiff was advised by letter on January 27,1978, that the IRS proposed to remove him for the five reasons listed below:
(1) Making a false statement in a matter of official interest. Five specifications supported this charge.
(2) Submitting a misleading travel voucher. One specification.
(3) Claiming per diem expense for travel to which plaintiff was not entitled. One specification.
(4) Failing to charge excess travel time to leave. One specification.
(5) Approving the travel voucher of a subordinate employee which had not been prepared in accordance with regulations. One specification.
Plaintiff replied orally and in writing to these charges. Upon consideration of the responses and the evidence, the Assistant Commissioner advised plaintiff that he would be demoted. Plaintiff appealed, there was an administrative hearing, and in an opinion dated March 7,1979, the Merit Systems Protection Board affirmed the action demoting plaintiff. Plaintiff requested the board to reopen and to reconsider, but the Office of Appeals Review of the board denied the request.
Plaintiff did not contest the facts underlying the charges in the administrative proceedings, nor does he do so now. Plaintiff does challenge the demotion as arbitrary and capricious for the following reasons:
(1) Plaintiffs conduct conformed to the common practice in the Western Region of IRS.
(2) The Regional Inspector did not warn plaintiff of a change in this common practice prior to action against plaintiff.
(3) Plaintiff was singled out for disparate treatment.
(4) Plaintiff was discriminated against because another employee with the same violations was only orally reprimanded.
(5) There was bad faith on the part of the disciplining official who himself has violated regulations.
Plaintiff seeks a trial to prove his allegations. It is unnecessary here to discuss the charges, specifications, and evidence in detail. This has been done in the board’s careful opinion, which we affirm. The essential facts are that while *620 on duty travel status in Phoenix, Arizona, June 8, 1977, with Inspector Mary Baker and two other inspectors, the assigned work was finished during the afternoon. Rather than returning to their San Francisco office, plaintiff and Ms. Baker decided to fly to Las Vegas that evening. The following morning they flew from Las Vegas to San Jose where plaintiff rented a car and he and Ms. Baker drove to the San Francisco International Airport. From there plaintiff took an airport bus and a taxi to his office downtown, and Ms. Baker took annual leave for the rest of the day.
On his travel voucher, plaintiff stated that he had flown from Phoenix to San Francisco on the morning of June 9 and arrived at his office at 11:30 a.m. He also made a sworn statement to this effect in connection with the IRS investigation. Plaintiffs actual arrival time was established as around 1:30 p.m. because the flight from Las Vegas arrived in San Jose at 11:23 a.m. and plaintiff did not turn in his rental car at the San Francisco airport until 12:51 p.m., after which he had to commute into the city. The board found that plaintiff had made a false statement in violation of applicable IRS regulations and rules of conduct. Plaintiffs defense before the board was that by entering 11:30 a.m. on his travel voucher rather than 1:30 p.m., he was saving the agency from having to pay an extra one-quarter day per diem. However, it would also result in his receiving credit for an extra 2 hours of office duty time. The board concluded that plaintiffs claim for additional office duty time which was never provided to his agency was worth far more, based on his salary, than the one-quarter day per diem he allegedly attempted to save the IRS. Further, plaintiffs overnight trip to Las Vegas from Phoenix and his return to San Francisco was material to determining his entitlement to per diem expense and compliance with leave requirements. Plaintiffs travel voucher failed to reflect his actual travel and was false and misleading in the board’s opinion and violated agency regulations.
Plaintiff approved the travel voucher of Ms. Baker which claimed that she had proceeded directly back to San Francisco the evening of June 8, although plaintiff was aware that she accompanied him to Las Vegas, returning the following day. Plaintiff also failed to charge excess *621 travel time to leave on June 9, 1977. These matters also violated regulations and were false and misleading in the board’s opinion.
Further, plaintiff submitted a travel voucher in which, on another occasion, he claimed lodging in a motel for two nights but did not submit a lodging receipt for it. He later withdrew the claim for lodging when it was questioned but investigation revealed that the claim he had submitted was for a double occupancy rate when he was entitled only to the single rate. This, too, violated regulations and was false and misleading in the board’s opinion.
The IRS and the board did not find any of plaintiffs explanations of the violations to be credible and neither do we. It is clear from the record, including the board’s opinion, that plaintiff made false statements in matters of official interest relating to travel time and lodging, claimed per diem to which he was not entitled, failed to charge excess travel time to leave, and approved the travel voucher of a subordinate which was not prepared in accordance with regulations.
Plaintiff was in a supervisory position, one of four program managers in the Internal Audit Division of his Region. We do not find it unreasonable for the agency to have concluded that such conduct which he does not deny, but only tries to explain away, is of such seriousness as to justify his no longer remaining in a supervisory position. Plaintiff says, however, that he can demonstrate by "new evidence” that he has been improperly demoted. We have carefully examined this contention but the fact is that this so-called new evidence, cumulative in character, was available at the time of the board hearing, and plaintiff was aware of much of it for over a year prior thereto, yet it was not offered to the board. It is, therefore, inappropriate to consider it now. Leefer v. United States, 215 Ct. Cl. 1061 (1978); Grover v. United States, 200 Ct. Cl. 337, 345 (1973). We find no merit in plaintiffs several defenses to the charges made against him. There is substantial evidence to support the board’s conclusion that plaintiff did intend to deceive defendant about his travel per diem and leave time and that he violated the many regulations on which the sustained charges were based.
*622 So far as the penalty assessed against plaintiff is concerned, it was within the allowable discretion of the agency. We perceive it as reasonable under the circumstances. Mere unevenness in application of sanctions, which plaintiff complains of here, does not render its application in plaintiffs case legal error. Butz v. Glover Livestock Comm’n Co., 411 U.S. 182, 187, 188 (1973); Jones v. United States, 223 Ct. Cl. 138, 617 F.2d 233 (1980). Plaintiff seems to argue that others’ infractions of the agency’s rules and their loose enforcement, which he alleges, somehow excuse his own violations. If it is true, as he alleges, that these things have happened, we can only say two (or more) wrongs do not make a right. We are not here called upon to render a judgment on how the IRS enforces its regulations generally but only as to how they applied them to plaintiff. We find they did so with a rational basis and without prejudice.
This type of a case involving IRS agents is not unique or unknown to us. We have sustained the harsher penalty of removal in other cases where these agents have falsified official records. This plaintiff may have been fortunate that he suffered only a demotion. Compare Alers v. United States, 224 Ct. Cl. 560, 633 F.2d 559 (1980); Wynne v. United States, 220 Ct.Cl. 647 (1979); Pascal v. United States, 211 Ct. Cl. 183, 543 F.2d 1284 (1976); Grover v. United States, 200 Ct. Cl. 337 (1973); Birnholz v. United States, 199 Ct. Cl. 532 (1972)
it is therefore ordered that, upon consideration of the record, the defendant’s motion for summary judgment and plaintiffs response thereto, without oral argument, the defendant’s motion is granted, plaintiff having failed to state a claim upon which relief can be granted. The petition is dismissed.