David R. McLEOD, Petitioner,

v.

DEPARTMENT OF THE ARMY, Sharpe Army Depot and the Merit Systems Protection Board, Respondents.

No. 82–7566.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 11, 1983.

Decided Aug. 30, 1983.

Craig S. Marks, Stockton, Cal., for petitioner.

Judith A. Whetstine, San Francisco, Cal., for respondents.

Before ANDERSON, SKOPIL, and NORRIS, Circuit Judges.

SKOPIL, Circuit Judge:

McLeod, a civilian warehouse worker, appeals a final Merit Systems Protection Board (MSPB or Board) order affirming his removal by the Department of the Army for lunchtime possession of marijuana.

## FACTS

David McLeod is a veteran who was employed by the Army for nearly three years. McLeod was removed from his position as Warehouse Worker for the Sharpe Army Depot in Lathrop, California pursuant to charges of possession of marijuana on a government installation. Using field glasses, an Army investigator observed McLeod and a co-worker drive onto the Army grounds during the lunch hour. The investigator then saw the co-worker take a

brown paper bag from the trunk of his car and place a plastic baggie in McLeod's lunch pail. The Chief of the Security Division determined that the facts did not warrant a search of McLeod or his co-worker and allowed the two to pass unquestioned. The car remained under surveillance, however, and a later search revealed a brown paper bag containing six baggies of marijuana in the car trunk and marijuana roaches and cigarette papers in the car ashtray. No search was ever made of McLeod, his lunch pail, or his work area, nor were the contents of the plastic baggie allegedly received by McLeod ever seized or presented in evidence by the MSPB. McLeod denied under oath any involvement in the transaction.

## ISSUES

McLeod's appeal raises three issues: (1) Does substantial evidence support the MSPB's charge of possession of marijuana? (2) Was the finding of nexus between McLeod's misconduct and the efficiency of the service arbitrary and capricious? (3) Was the penalty of removal an abuse of discretion?

## DISCUSSION

■ The Seventh Circuit, in *Young v. Hampton,* 568 F.2d 1253 (7th Cir.1977), established a two-prong test governing review of agency actions adversely affecting government employees. This test is based on 5 U.S.C. § 7513(a) (1976 & Supp. V 1981), which requires that agency action be taken "only for such cause as will promote the efficiency of the service." An agency must first determine that the employee actually committed the conduct complained of, and second, that removal based on the misconduct will promote the efficiency of the service. *Young,* 568 F.2d at 1257; *D.E. v. Dept. of the Navy,* 707 F.2d 1049, 1050 (9th Cir.1983). We approve this test.[1]

■ Evidence before the MSPB included six marijuana baggies seized from the car and the investigator's testimony that McLeod had possessed a similar baggie. Given our narrow scope of review of MSPB factual findings, we conclude the Board's finding that McLeod possessed marijuana is supported by substantial evidence. 5 U.S.C. § 7703(c)(3) (1976 & Supp. V 1981). Thus, the first prong of the *Young* test is satisfied.

The second prong of the *Young* test requires a reasonable connection or nexus between the employee's misconduct and the efficiency of the service. *Young,* 568 F.2d at 1262.

■ "Efficiency of the service" is not defined, although some guidance is provided by 5 U.S.C. § 2302(b)(10) (1976 & Supp. V 1981) which prohibits employment discrimination on the basis of conduct which does not adversely affect the performance of the employee or the performance of others at the agency. In certain egregious circumstances, the effect of the conduct on the efficiency of the service is so obvious that the nature of the conduct "speaks for itself."[2] *Young,* 568 F.2d at 1257. The

---

1. Three other circuits also have approved the *Young* test: *Phillips v. Bergland,* 586 F.2d 1007, 1010 (4th Cir.1978); *Bonet v. United States Postal Service,* 661 F.2d 1071, 1074 (5th Cir. 1981); and *Giesler v. Merit Systems Protection Board,* 686 F.2d 844, 849 (10th Cir.1982).

2. Generally, such egregious conduct occurs on-duty and will be clearly work related, *i.e.,* falsifying work records, *Alers v. United States,* 633 F.2d 559, 224 Ct.Cl. 560 (1980); falsifying expense accounts, *Tucker v. United States,* 624 F.2d 1029, 224 Ct.Cl. 266 (1980); theft of government property, *Alsbury v. United States Postal Service,* 530 F.2d 852 (9th Cir.1976), *cert. denied,* 429 U.S. 828, 97 S.Ct. 85, 50 L.Ed.2d 91 (1976); insubordination, *Henkle v.*

*Campbell,* 626 F.2d 811 (10th Cir.1980); and a counseling psychologist having sexual contact with patients, *Doyle v. Veterans Administration,* 667 F.2d 70 (Ct.Cl.1981). Off-duty conduct which has been found to be so outrageous as to "speak for itself" include an immigration official who employed illegal aliens in her home, *Wroblaski v. Hampton,* 528 F.2d 852 (7th Cir.1976); a customs inspector who used and transported marijuana, *Masino v. United States,* 589 F.2d 1048, 218 Ct.Cl. 531 (1978); an IRS agent responsible for overseeing delinquent tax returns who failed to file timely returns, *Giles v. United States,* 553 F.2d 647, 213 Ct.Cl. 602 (1977); and homicide, *Wathen v. United States,* 527 F.2d 1191, 208 Ct.Cl. 342, *cert.*

Board, however, may not rely on a presumption. *D.E.,* 707 at 1052. Evidence on the nexus requirement must be introduced; conclusionary statements are insufficient. *Id.* at 1053–54.

The government argues that the three factors relied on by the Board establish nexus. They are (1) marijuana possession is illegal; (2) marijuana use affects perception; and (3) marijuana use adversely affects the work environment. We cannot agree these factors are enough to establish nexus.

■ First, illegal conduct, even a criminal conviction, does not automatically supply nexus. Instead, a connection to job performance must be demonstrated. *Young,* 568 F.2d at 1262; *Phillips v. Bergland,* 586 F.2d 1007, 1011 (4th Cir.1978).

■ Second, the government argues that marijuana has effects commonly recognized as affecting people's perception and ability to operate mechanical equipment. McLeod's job required the operation of heavy warehouse equipment. The hearing examiner made no findings on the use of marijuana. His decision appears to be limited strictly to the fact of possession. There are no witnesses to marijuana use and although the evidence before the Board might support an inference that McLeod was under the influence of the drug, *see Borsari v. FAA,* 699 F.2d 106, 111 (2d Cir. 1983), we believe that finding should be made explicitly by the hearing examiner.

The government's third contention is that permitted use of marijuana creates a work environment that leads to poor discipline in the work force. This argument is based on the limitation in 5 U.S.C. § 2302(b)(10) (1976 & Supp. V 1981) that actionable misconduct must adversely affect the employee's job performance or the performance of others at the agency.

There is no evidence that McLeod's job performance suffered from alleged marijuana use. Instead, supervisor recommen-

dations both before and after the possession incident are uniformly good. *See D.E.,* 707 F.2d at 1054.

McLeod's misconduct was never publicized. *See Bonet v. United States Postal Service,* 661 F.2d 1071, 1076 (5th Cir.1981); *cf. Sherman v. Alexander,* 684 F.2d 464, 466 (7th Cir.1982) (six newspaper articles identifying Sherman and his employer). There was no evidence other employees were aware of the incident, which occurred away from the work area. *See Phillips,* 586 F.2d at 1013. Their work was unaffected. *Cf. Sherman,* 684 F.2d at 469 (fear and mistrust of employee disrupted office morale). Because of the lack of publicity, the general public was likewise unaware of McLeod's misconduct. McLeod was not in an authoritative position with responsibility and contact with the public. *Cf. Yacovone v. Bolger,* 645 F.2d 1028, 1032 (D.C.Cir.1981), *cert. denied,* 454 U.S. 844, 102 S.Ct. 159, 70 L.Ed.2d 130 (1981) (postmaster); *Borsari v. FAA,* 699 F.2d 106, 111 (2d Cir.1983) (air traffic controller). Thus, the public's trust and confidence in the righteousness of the Army was unaffected and its operations undisturbed.

The only support for the Army's discipline of McLeod would be a finding of use of marijuana while at work. We remand for a determination whether the evidence supports such an inference and whether it adversely affected the job performance of McLeod or others. Because the hearing examiner may find the evidence sufficient in that respect, we must review the penalty imposed by the Army.

■ A reviewing court must defer to an agency's choice of penalty unless the agency abuses its discretion. *Brewer v. United States Postal Service,* 647 F.2d 1093, 1098, 227 Ct.Cl. 276 (1981), *cert. denied,* 454 U.S. 1144, 102 S.Ct. 1005, 71 L.Ed.2d 296 (1982). Such abuse occurs when the discipline imposed is harsh and disproportionate in comparison to the misconduct. *Francisco v. Campbell,* 625 F.2d 266, 269 (9th Cir.1980).

*denied,* 429 U.S. 821, 97 S.Ct. 69, 50 L.Ed.2d 82 (1975). However, a recent case, *D.E. v. Dept. of the Navy,* 707 F.2d 1049, 1052–53 (9th Cir.

1983), rejects any presumption of nexus and casts doubt on whether off-duty conduct can ever "speak for itself."

We find that the Army abused its discretion in ordering McLeod's dismissal.

■ The Army failed to consider several factors which are relevant in determining the appropriateness of a penalty. *See Weiss v. United States Postal Service,* 700 F.2d 754, 756 (1st Cir.1983); *Douglas v. Veterans Administration,* MSPB N. AtO75299006 at 31–32 (April 10, 1981). Foremost is the consistency of the penalty imposed with the agency's table of penalties. *Gipson v. Veterans Administration,* 682 F.2d 1004, 1011 (D.C.Cir.1982). In the Tables Pertaining to the Penalties of Various Offenses, CPR 700 (C 14) 751.A, March 2, 1973, there is no mention of possession or use of drugs. There are, however, penalties listed for drinking intoxicants while on duty where safety of personnel or property is endangered thereby. These penalties are a one to three-day suspension for the first offense, a two to five-day suspension for the second offense, and a five to ten-day suspension to removal for the third offense. Drug and alcohol use are similar. Both result in unsafe operation of heavy machinery. The Army was unreasonable in ignoring the short term suspension recommended in the tables of penalties. Ordering removal for the first offense of marijuana possession was an abuse of discretion.

The Army ignored other relevant factors in its penalty determination. First, McLeod's offense was not serious. *See Weiss,* 700 F.2d at 756; *cf. Gipson,* 682 F.2d at 1011 (falsifying government records). Under California law, possession of one or less ounces of marijuana warrants a maximum penalty of $100. Cal. Health and Safety Code § 11357 (West 1982). Second, McLeod held a low-level job, with little public contact and no supervisory duties. *Cf. Borsari,* 699 F.2d at 110–11 (air traffic controller); *Yacovone,* 645 F.2d at 1032 (postmaster). Third, McLeod's misconduct was generally unknown. *See Bonet,* 661 F.2d at 1076. The Army's reputation was therefore unaffected. *Cf. Sherman,* 684 F.2d at 466 (six newspaper articles identifying Sherman and his employer). Fourth, McLeod's work record is satisfactory. *See*

*D.E.,* 707 F.2d at 1054. Supervisor recommendations both before and after the possession incident are uniformly good. Fifth, potential rehabilitation of McLeod was not addressed. *See Weiss,* 700 F.2d at 756; *see also D.E.,* 707 F.2d at 1054. This omission was in spite of the specific recommendation in the Army's table of penalties that participation in the Alcohol and Drug Abuse Prevention and Control Program should be considered before penalties are imposed. Finally, the Army failed to consider the effect of an alternative sanction, such as a reprimand or a suspension. McLeod was not a habitual offender. A lesser penalty may have been sufficient. *Cf. McKowen v. Merit Systems Protection Board,* 703 F.2d 14, 17 (1st Cir.1983) (lesser sanctions were ineffective in stopping repeated violations).

## CONCLUSION

Without specific findings concerning McLeod's use of marijuana on the job, it is arbitrary and capricious to discipline McLeod. The Army's penalty of removal of McLeod for lunchtime possession of marijuana was an abuse of discretion. We REMAND this case to the Board with orders to determine whether an inference of marijuana used by McLeod may be made and whether it adversely affected the job performance of McLeod or others and, if so, to assess a penalty consistent with the Army's table of penalties and to determine the appropriate award of back pay and beneficial entitlements.

McLeod may be entitled to reasonable costs under 28 U.S.C. § 2412 (1976 & Supp. V 1981), and we REMAND to the Board for that determination. We REMAND to the Board also to decide whether an award of attorney's fees is appropriate under 5 U.S.C. § 7701(g)(1) (1976 & Supp. V 1981) and, if so, to determine the amount.