Ronald L. CHRISTIANSON, et al., Appellants,

v.

PIONEER SAND & GRAVEL CO., Division of Lone Star Industries, Inc., Appellee.

No. 81-3003.

United States Court of Appeals, Ninth Circuit.

June 28, 1982.

Steven B. Frank, Seattle, Wash., for appellants.

Peter M. Anderson, Bogle & Gates, Seattle, Wash., for appellee.

Before SNEED and BOOCHEVER, Circuit Judges, and HOFFMAN *, Senior District Judge.

WALTER E. HOFFMAN, Senior District Judge:

This is an action which originally was brought by union members under § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, against both their local union and their former employer, Lone Star Cement Corporation. Plaintiffs alleged that on or about January 26, 1972, Lone Star violated the seniority provisions of the applicable collective bargaining agreement by removing plaintiffs' names from its seniority list and by not subsequently recalling plaintiffs. They also claimed that their local union breached its duty of fair representation by failing to press plaintiffs' complaints through the grievance and arbitration procedures mandated by the collective bargaining agreement.

This action was commenced in the district court on November 2, 1977, almost six years after the employer's actions of which plaintiffs complain. Both the Local and Lone Star raised the statute of limitations defense in their answers. In August 1978, the Local filed a motion for summary judgment on the grounds that Washington's three-year statute of limitations for tort actions, Wash.Rev.Code § 4.16.080(2), barred plaintiffs' claim against the Local. In response to the Union's motion, both plaintiffs and Lone Star contended that a six-year statute of limitations for actions on a written contract, Wash.Rev.Code § 4.16.080(2), should apply. Noting that all parties seemed to assume that the six-year limitations period would apply against the employer, the district court concluded that the same statute of limitations should apply against the Union in order to allow a single adjudication of the two closely related claims. Accordingly, the Local's motion for summary judgment was denied.

---

* Honorable Walter E. Hoffman, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.

Subsequently, in October 1980, both defendants moved to dismiss on the basis of the statutes of limitations. The Local again contended that the three-year tort statute of limitations barred plaintiffs' action against the Union. Moreover, Lone Star contended that the three-year limitations period provided for actions on oral contracts, Wash.Rev.Code § 4.16.080(3), barred the action against the employer. In support of its contention, Lone Star argued that plaintiffs were not parties to the collective bargaining agreement under which they sought relief and that the applicability of that contract to the plaintiffs depended on a showing of the oral contracts of employment between plaintiffs and Lone Star. The district court granted defendants' motions to dismiss, applying the three-year oral contract statute of limitations against the employer and the three-year tort statute of limitations against the Union. The court specifically noted that its application of the state statutes of limitations preserved a uniform limitations period against the employer and the Union and furthered national labor policy by utilizing a shorter limitations period than the six-year period provided for written contracts.

■ Plaintiffs-appellants have appealed only as to the ruling on the statute of limitations against their former employer, Lone Star. Therefore, the issue of the applicability of Washington's three-year tort statute of limitations to an action against a union under § 301 of the LMRA is not before this court in this case.[1] In light of the somewhat unique procedural stance of this case, we must first consider a threshold issue—whether the dismissal of appellants' claim against the Union precludes them from recovering against their former employer.

In *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976), the Supreme Court stated:

> To prevail against either the company or the Union, petitioners must not only show that their discharge was contrary to the contract but must also carry the burden of demonstrating breach of duty by the Union.

*Id.* at 570–71, 96 S.Ct. at 1059. Similarly, in *United Parcel Service, Inc. v. Mitchell*, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981), the court termed a showing that the union had breached its duty of fair representation an "indispensable predicate" of a § 301 action. The significant question is whether such language can be read to mean, as Justice Stewart suggested in his concurrence in *Mitchell*, that "a plaintiff must *prevail* upon his unfair representation claim before he may even litigate the merits of his § 301 claim against the employer." *Id.* at 67, 101 S.Ct. at 1566 (emphasis added). We conclude that such a requirement certainly is unwarranted in the present case.

■ Even if Justice Stewart's contention that an employee must prevail on his claim against his union before he can reach the issue involving his employer constitutes a correct statement of the majority's holding

---

1. Appellants have contended that the relevance of the tort statute of limitations to the action against the Local is presented indirectly. They argue that the interest in uniform limitations periods for the related § 301 actions against an employer and a union necessitates consideration of the period applicable to an action against a union when a court is deciding the question of the statute of limitations for a suit against the employer. Although we recognize the desirability of a uniform limitations period for actions against both employer and union, see, e.g., *Gallagher v. Chrysler Corp.*, 613 F.2d 167 (6th Cir.), *cert. denied*, 449 U.S. 841, 101 S.Ct. 119, 66 L.Ed.2d 48 (1980), we do not deem that to be sufficient reason to allow appellants to indirectly attack the district court's decision on this matter, when appellants did not appeal that issue. Such an indirect attack is especially inappropriate because the applicability of the two-year "catch-all" statute of limitations that appellants now urge upon us, Wash.Rev.Code. § 4.16.130, was not argued before the district court, despite appellants' opportunity to do so in their response to Lone Star's motion to dismiss. We also note that uniformity of limitations periods, although desirable, is not the dominant consideration in selecting the appropriate statute of limitations. Rather, characterization of the claim is the touchstone, see *United Parcel Service, Inc. v. Mitchell*, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981), and that we can ascertain here without consideration of the claim against the Union.

in *Mitchell*, that concept is inapplicable here. Both *Mitchell* and *Hines* were suits to vacate arbitration awards. When an arbitration decision has been rendered, the interest in finality of that decision is sufficiently strong to warrant clear evidence of a breach of a union's duty of fair representation before the courts should overturn the arbitration award. In the present case, however, the arbitration process was never reached; in fact, the Union never even processed appellant's grievances. Therefore, the concept of finality, which controlled in *Hines* and *Mitchell*, is totally inapposite here.

Absent the special consideration of preserving the finality of arbitration, that was present in *Mitchell*, we hesitate to apply Justice Stewart's suggestion that an employee must prevail against his union in order to make his claim against the employer for breach of a collective bargaining agreement. The respective breaches of duty by the union and the employer often may be wholly unrelated, and we see no reason why an employee's failure to prevail upon his claim of breach by one of the two should preclude recovery from the other. *See Vaca v. Sipes*, 386 U.S. 171, 195–98, 87 S.Ct. 903, 919–921, 17 L.Ed.2d 842 (1967); *Czosek v. O'Mara*, 397 U.S. 25, 29, 90 S.Ct. 770, 773, 25 L.Ed.2d 21 (1970). Such a rule would prove especially harsh where, as here, the employee has lost one of his claims, not on the merits, but on the basis of a statute of limitations.

For further guidance in the context we face in the present case, we look to *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967), which involved no final arbitration. Therein, the Court stated:

> [W]e think the wrongfully discharged employee may bring an action against his employer in the face of a defense based upon the failure to exhaust contractual remedies, provided the employee can prove that the union as bargaining agent breached its duty of fair representation in its handling of the employee's grievance. We may assume for present purposes that such a breach of duty by the union is an

unfair labor practice, as the NLRB and the Fifth Circuit have held. The employee's suit against the employer, however, remains a § 301 suit, and the jurisdiction of the courts is no more destroyed by the fact that the employee, as part and parcel of his § 301 action, finds it necessary to prove an unfair labor practice by the union, than it is by the fact that the suit may involve an unfair labor practice by the employer himself. The court is free to determine whether the employee is barred by the actions of his union representative, and, if not, to proceed with the case. And if, to facilitate his case, the employee joins the union as a defendant, the situation is not substantially changed.

*Id.* at 186–87, 87 S.Ct. at 914–915 (footnote omitted). The Court thus made it clear that an employee may sue his employer without joining the union as a defendant. *See also Mitchell*, 451 U.S. at 73 n.2, 101 S.Ct. at 1569 n.2 (Stevens, J., concurring in part and dissenting in part). Moreover, if the employee must establish the union's breach of duty, he may do so in his § 301 suit against the employer.

We see no material difference between the situation discussed in *Vaca v. Sipes*, where the employee sues only the employer, and the situation presented here, where the employee originally sues both the union and the employer but, due to the running of the statute of limitations in the action against the union, is able to proceed only against the employer. In either situation, the guiding principle is the same—the employee may make any requisite showing of unfair representation by the union in his suit against the employer.

Having passed the threshold issue of whether appellants' suit against Lone Star is precluded by the dismissal of his case against the Union, we move on to determine whether their claim against Lone Star is barred by the statute of limitations. *UAW v. Hoosier Cardinal Corp.*, 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966), clearly established "that the timeliness of a § 301 suit ... is to be determined as a matter of federal law, by reference to the

appropriate state statute of limitations." *Id.* at 705, 86 S.Ct. at 1113 (footnote omitted). In that case, the Court further specified:

> We agree that the characterization of this action for the purpose of selecting the appropriate state limitations provision is ultimately a question of federal law. But there is no reason to reject the characterization that state law would impose unless that characterization is unreasonable or otherwise inconsistent with national labor policy.

*Id.* at 706, 86 S.Ct. at 1113 (citations omitted). Relying on this language, appellants argue that this court must apply the statute of limitations that a Washington state court would apply to an action against an employer under a collective bargaining agreement. In particular, appellants contend that *McDonald v. Wockner*, 44 Wash.2d 261, 267 P.2d 97 (1954), which applied the six-year statute of limitations for actions on a written contract in such a context, requires the application of that same limitations period here.

■ We do not believe, however, that *Hoosier Cardinal's* discussion of deference to characterization by state courts remains controlling. More recently, in *United Parcel Service v. Mitchell*, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981),[2] the Court again faced the question of characterization of a claim brought under § 301 of the LMRA. Therein, the Court made no mention whatsoever of how the New York courts might have characterized the action. Instead, the Court undertook its own characterization and then applied the most relevant state statute of limitations. Thus, in the present case, the district court's duty was to characterize the action, without mandatory reference to state law, and then to select the appropriate state statute of limitations. We believe the court correctly performed that task.

■ The district court applied Washington's three-year statute of limitations for suits on an oral contract, Wash.Rev. Code § 4.16.080(3). Such characterization of an employee's § 301 action has received approval from the Supreme Court. *UAW v. Hoosier Cardinal Corp.*, 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966). In that case, the Court stated:

> [W]e cannot agree that federal law requires that this action be regarded as exclusively based upon a written contract. For purposes of § 301 jurisdiction, we have rejected the view that a suit such as this is based solely upon separate hiring contracts, frequently oral, between the employer and each employee. It does not follow, however, that the separate contracts of employment may not be taken into account in characterizing the nature of a specific § 301 suit for the purpose of selecting the appropriate state limitations provision. Indeed, as the present case indicates, consideration of the separate contracts for that purpose is entirely acceptable. The petitioner seeks damages based upon an alleged breach of the vacation pay clause in a written collective bargaining agreement. Proof of the breach and of the measure of damages, however, both depend upon proof of the existence and duration of separate employment contracts between the employer and each of the aggrieved employees. Hence, this § 301 suit may fairly be characterized as one not exclusively based upon a written contract.

383 U.S. at 706, 86 S.Ct. at 1113 (citation omitted). We acknowledge that *Hoosier Cardinal* does not mandate characterization of a § 301 suit as one based on an oral contract. *See Butler v. Local 823, International Brotherhood of Teamsters*, 514 F.2d 442, 446 (8th Cir. 1975). *But see Kennedy v. Wheeling-Pittsburgh Steel Corp.*, 81 L.R.R.M. 2349 (4th Cir. 1972). Nonetheless, the Court clearly indicated that such character-

---

**2.** We are aware that this court has previously refused to apply some aspects of *Mitchell* retroactively. *See Singer v. Flying Tiger Line, Inc.*, 652 F.2d 1349 (9th Cir. 1981). Unlike *Flying Tiger*, we do not address the question of retro-

active application of a perhaps unforeseeable 90 or 100 day limitations period. Rather, we cite *Mitchell* for its further explication of the general approach to characterization of § 301 complaints.

ization is permissible. Appellants contend, perhaps properly, that *Hoosier Cardinal* only permitted a court to characterize a § 301 suit as based on both oral and written contract and that state law must be examined to determine the statute of limitations applicable to such a hybrid situation. As mentioned, *supra*, the more recent case of *United Parcel Service v. Mitchell* belies such an approach. Therein, the Court, without reference to state law, characterized a § 301 suit as an action to vacate an arbitration award, even though the Court acknowledged that the underlying claim involved a breach of a written contract. Clearly, therefore, a federal court may go beyond characterizing a § 301 claim as hybrid and may actually determine the dominant character of the action. In the present case, the district court did just that.

We agree with the district court's conclusion that the action depended to a great extent on the existence of oral contracts of employment and that the Washington three-year statute of limitations for oral contracts should be followed.[3] As noted by the district court, application of the shorter three-year limitations period for oral contracts rather than the six-year period for written contracts also furthers the national labor policy of reasonably rapid disposition of labor disputes. *See Mitchell*, 451 U.S. at 63, 101 S.Ct. at 1564; *Hoosier Cardinal*, 383 U.S. at 707, 86 S.Ct. at 1114. Finally, we believe that application of the three-year oral contract statute of limitations will promote uniformity in the limitations periods applicable against unions and employers. *See Gallagher v. Chrysler Corp.*, 613 F.2d 167 (6th Cir.), *cert. denied*, 449 U.S. 841, 101 S.Ct. 119, 66 L.Ed.2d 48 (1980). Although

the statute of limitations for actions against a union has not been considered in this case, *Washington v. Northland Marine Co.*, No. 80–3352 (9th Cir. 1982), decided at the same time as this case, applies the Washington three-year statute of limitations for torts to a § 301 suit against the union.

The district court correctly concluded that plaintiffs' claim against their employer was barred by the three-year statute of limitations for oral contracts.

AFFIRMED.

---

3. As an aside, we note that the approach urged upon us by appellants—that the district court should only characterize the action as a hybrid of oral and written contract and then determine how Washington law would treat such a hybrid—would yield the same result. *Fulle v. Boulevard Excavating, Inc.*, 20 Wash.App. 741, 582 P.2d 566 (1978), held that the necessity of utilizing parol evidence to establish a material element of a contract makes a contract partly oral and thus subject to the three-year statute of limitations. We deem the applicability of a collective bargaining agreement to a particular employee to be a material element of the total contract. Because, in the present case, that applicability must be demonstrated by parol evidence, Washington apparently would construe the contract as an oral contract. *McDonald v. Wockner*, 44 Wash.2d 261, 267 P.2d 97 (1954), cited by appellants, would not dictate a contrary result. That case did not begin with a characterization of the action as a hybrid. Rather, the court simply rejected any relevance of the oral contract to the issues of the case.