**Jessie L. WASHINGTON, et al., Appellants,**

v.

**NORTHLAND MARINE CO., INC., Shipscalers Local Union No. 541, et al., Appellees,**

**Amos Burl, et al., Intervenors.**

**No. 80–3352.**

United States Court of Appeals, Ninth Circuit.

June 28, 1982.

---

Paul W. Chemnick, Seattle, Wash., argued, for appellants; Eugene Moen, Halverson, Strong, Moen & Chemnick, Seattle, Wash., on brief.

Robert Gibbs, Gibbs, Douglas, Theiler, Yaroshefsky & Drachler, Seattle, Wash., for appellees.

Before SNEED and BOOCHEVER, Circuit Judges, and HOFFMAN *, Senior District Judge.

WALTER E. HOFFMAN, Senior District Judge:

This is an action originally brought by union members under § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, against their employer, their local union, and their international union. Prior to trial, the employer filed bankruptcy, and this action proceeded against the Local and International Unions. After hearing the plaintiffs' evidence, the district

---

* Honorable Walter E. Hoffman, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.

court dismissed the case against the International. Subsequently, after finding for the plaintiffs on the issue of liability, the court also dismissed the case against the Local on the ground that the action was barred by Washington's two-year "catch-all" statute of limitations, Wash.Rev.Code § 4.16.130. In this appeal, the employees contest only the trial court's ruling as to the applicability of the statute of limitations to their cause of action against the Local.[1]

The plaintiffs and intervenors in this action were employees of Northland Marine Lines, Inc., and members of Shipscalers Local 541. The employer and the Local had a collective bargaining agreement that established wages, hours, working conditions, and grievance and arbitration procedures for the employees. After ratification of a new contract in August, 1971, a dispute arose between the employer and certain employees concerning failure to pay a premium that the shipscalers had received previously for loading and cleaning of barges. After attempting to resolve the problem with the employer, the shop steward brought the wage dispute to the attention of the Local's business agent. The agent refused to process the grievance as required by the collective bargaining agreement, but indicated that he would raise the issue of a pay premium in the negotiations for the next collective bargaining agreement.

The district court found that plaintiffs and intervenors knew, by January 1, 1972, that the business agent of the Local would not process their grievance with the employer. That finding is not directly contested here. The court also held, however, that this action was barred by a two-year statute of limitations because the complaint was not filed until June 19, 1974. The employees' primary contention is that the trial court erred in so holding.

■ In light of the absence of an express statute of limitations for suits brought under § 301 of the LMRA, the timeliness of such actions is determined by borrowing the appropriate state statute of limitations. *UAW v. Hoosier Cardinal Corp.*, 383 U.S. 696, 705, 86 S.Ct. 1107, 1113, 16 L.Ed.2d 192 (1966). In *Christianson v. Pioneer Sand & Gravel Co.*, 681 F.2d 577 (9th Cir. 1982), which was argued before this court on the same day as this case, we indicated that *United Parcel Service v. Mitchell*, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981), permits a federal court to characterize an action as the court deems appropriate and then to apply the relevant state statute of limitations. In *Price v. Southern Pacific Transportation Co.*, 586 F.2d 750 (9th Cir. 1978), this court characterized a union's duty of fair representation as "one having its source in national labor statutes." *Id.* at 753. The difficult question is which Washington statute of limitations should be applied to an action that has been so characterized.[2] In deciding this issue, we feel compelled to apply Washington statutory law together with the judicial gloss placed thereon by Washington case law.[3] Moreover, the district judge's interpretations of state law of the state in which he sits are entitled to deference and

---

1. In our brief review of the record, we have been unable to find an answer filed by the Local. The answer filed by the International is clearly designated as the answer of only the International. The potential significance of the Local's failure to answer the complaint lies in the failure to raise the affirmative defense of the statute of limitations, as required by Rule 8(c) of the Federal Rules of Civil Procedure. We note, however, that plaintiffs have never raised the Rule 8(c) issue before this court or in the court below. Hence, we need not consider the matter. *See* 2A *Moore's Federal Practice* ¶ 8.27[3], at 8-251 to -255 (1982).

2. *Price* applied a California three-year statute of limitations for "an action upon a liability created by statute, other than a penalty or forfeiture." Washington has no such specific statute of limitations for actions on a statute. Therefore, we cannot simply apply *Price*.

3. Our approach herein is not inconsistent with *Christianson, supra,* in which we declined to apply state law while characterizing the plaintiff's § 301 claim. Here, we utilize state law, after completing the characterization, to determine which statute of limitations applies. In both cases, the federal court's ability to characterize the action before it is unfettered by state law; once the action has been characterized, however, the applicability of a particular statute of limitations to that type of case is governed by state law.

will be accepted on review unless shown to be clearly wrong. *See, e.g., Clark v. Musick*, 623 F.2d 89, 91 (9th Cir. 1980).

Appellee contends that *Northern Grain & Warehouse Co. v. Holst*, 95 Wash. 312, 163 P. 775 (1917), and *Noble v. Martin*, 191 Wash. 39, 70 P.2d 1064 (1937), mandate the application of Washington's two-year "catch-all" statute of limitations, Wash.Rev. Code § 4.16.130, which provides:

An action for relief not hereinbefore provided for, shall be commenced within two years after the cause of action shall have accrued.

On the other hand, the employees argue that the three-year tort limitations period should apply. Section 4.16.080(2) provides a three-year period for

[a]n action for taking, detaining, or injuring personal property, including an action for the specific recovery thereof, or for any other injury to the person or rights of another not hereinafter enumerated.

*Northern Grain* involved a suit for damages against members of the public service commission for negligently licensing a grain warehouse without obtaining a bond as required by statute. When plaintiff demanded his grain from the warehouse, none was available and, because of defendants' omission, no bond was available to redress plaintiff's injury. The Supreme Court of Washington applied the state's two-year catch-all statute of limitations. The Court reasoned that the three-year statute of limitations for injuries to the "rights of another" must be construed narrowly or it would incorporate all causes of action, thus rendering the two-year catch-all statute of limitations useless. Therefore, the court stated:

[W]e must read subdivision 2 as applying only to certain direct invasions of personal or property rights not otherwise "hereinafter enumerated," and as not including those numerous causes of action ... where the law imposes liability because of indirection or default. The cause of action here pleaded is indirectly based upon the failure of public officials to perform duties imposed by law. It is not based upon any direct act of these officials injuring appellant's personal property or property rights. Nor ... is it directly based upon the failure to perform a legal duty.

163 P. at 777.

*Northern Grain* is readily distinguished from our present case. In that case, the public officials were not directly responsible to the plaintiffs; rather, their duty to obtain a bond from the licensee was owed to all members of the general public. Thus, the plaintiffs in *Northern Grain* had no *personal* right that the officials violated. In the present case, however, once a labor dispute arose, each union member enjoyed a personal statutory right to representation by the union. *See Vaca v. Sipes*, 386 U.S. 171, 177, 87 S.Ct. 903, 909, 17 L.Ed.2d 842 (1967). Thus, in breaching its duty of representation, the Union directly violated its members' personal rights.

Appellee also relies on *Noble v. Martin*, 191 Wash. 39, 70 P.2d 1064 (1937). That case was a suit to enforce the liability of the officers of a bank who allowed the bank to receive deposits after they knew of its insolvency. The Washington Supreme Court again applied the two-year catch-all statute of limitations. In rejecting the three-year statute of limitations for injuries to personal rights, the court relied on *Northern Grain*, stating:

The suggestion that the action falls within [the statute of limitations for injuries to personal rights] is equally untenable....

It was clearly and definitely held in *Northern Grain & Warehouse Company v. Holst*, 95 Wash. 312, 163 P. 775, that this statutory subdivision applies only to certain direct invasions of personal or property rights.

70 P.2d at 1068. Although the court in *Noble* deemed *Northern Grain* controlling, we find *Noble* less readily distinguishable from the present case than was *Northern Grain*. The sole distinction lies in the fact that the statute in *Noble* is cast in terms of an imposition of liability on bank officials, whereas a union's duty of fair representation has been cast as an affirmative duty

for breach of which liability may be imposed. We need not determine, whether this somewhat fine distinction is outcome-determinative, however, because we believe two more recent cases from the Washington Supreme Court have altered the status of the state law.

In *Luellen v. City of Aberdeen*, 20 Wash.2d 594, 148 P.2d 849 (1944), an action in which plaintiff sought reinstatement to the city police force, the court rejected the applicability of *Northern Grain* and *Noble v. Martin* because they did not involve a direct action that caused injury to an individual's property rights. The court noted that Luellen had acquired a present existing property right to his civil service employment and pension, and that the city officials' actions in dismissing him constituted an invasion of that right. The court applied the three-year statute of limitations for injury to personal or property rights, stating:

> Whenever the legally protected interest or property right of another is invaded or violated, such action constitutes an injury to it. The language used by the legislature is broad and was intended to cover injury to that kind of property that is intangible in its nature, especially when the injury consists of some direct, affirmative act which prevents another from securing, having, or enjoying some valuable right or privilege.

148 P.2d at 855 (citations omitted). This case clearly holds that a cause of action based on a direct act that infringes a legal right is governed by the three-year tort statute of limitations.

*State ex rel. Bond v. State*, 59 Wash.2d 493, 368 P.2d 676 (1962), also suggests a broadening of the law since *Northern Grain* and *Noble v. Martin*. In *Bond*, plaintiff sought reinstatement to public employment for which he, as a veteran, was entitled to preference. The Supreme Court of Washington rejected the two-year catch-all statute of limitations and applied the three-year limitations period for actions on an injury to a personal right. The court first cited *Luellen v. City of Aberdeen* for the

proposition that "[w]hen a legally protected interest or right is invaded or violated such action constitutes an injury thereto within the purview of RCW 4.16.080(2), the three-year statute of limitations." 368 P.2d at 678. The court then undertook a thorough discussion of *Northern Grain* and *Noble v. Martin* and finally distinguished them.

> We can agree that there was no direct invasion of the plaintiff's personal or property rights in either the *Northern Grain & Warehouse Co.* case, or in *Noble v. Martin*, supra; but what can be a more direct invasion of a personal right than to deprive a person of the preference to employment given to him by statute.

368 P.2d at 680.

■ Under the standard set forth by the Washington Supreme Court in *Luellen* and *Bond*, we believe that the three-year tort statute of limitations, Wash.Rev.Code § 4.16.080(2), is applicable in the present case. The union members clearly had a personal, legal right to representation by the union in grievance proceedings. The Local's actions in not undertaking its duty of representation directly infringed that right, thus making the ensuing lawsuit one for "injury to the person or rights of another." Accordingly, we hold that the district court clearly erred in not applying the three-year statute of limitations.

■ Application of a three-year statute of limitations in this case also furthers two national labor policies. First, the relatively short three-year limitations period promotes reasonably rapid resolution of labor disputes. *See United Parcel Service, Inc. v. Mitchell*, 451 U.S. 56, 63, 101 S.Ct. 1559, 1564, 67 L.Ed.2d 732 (1981); *UAW v. Hoosier Cardinal Corp.*, 383 U.S. 696, 707, 86 S.Ct. 1107, 1114, 16 L.Ed.2d 192 (1966). Second, application of the three-year statute of limitations will promote uniformity in the limitations period applicable against unions and employers. *See Gallagher v. Chrysler Corp.*, 613 F.2d 167 (6th Cir.), *cert. denied*, 449 U.S. 841, 101 S.Ct. 119, 66 L.Ed.2d 48 (1980). In *Christianson v. Pioneer Sand & Gravel Co.*, 681 F.2d 577 (9th Cir. 1982), we applied the Washington

three-year statute of limitations for oral contracts to a § 301 suit against an employer. Application of a similar three-year limitations period to suits against a union will enhance the possibility that suits against an employer and a union can be handled simultaneously.

We have not addressed a number of cases cited by appellee, including *Cannon v. Miller*, 22 Wash.2d 227, 155 P.2d 500 (1945), and *Urban Construction Co. v. Seattle Urban League*, 12 Wash.App. 935, 533 P.2d 392 (1975), because they are inapposite. Those decisions involved a choice between a contract statute of limitations and the catch-all statute of limitations, thus implicating various factors that have no bearing here.

In light of our holding that this action is governed by a three-year statute of limitations, we need not address appellants' second contention that the Union's breach of its duty of fair representation was of a continuing nature. Plaintiffs did file their complaint within three years of the original accrual of their cause of action. Hence, we reverse and remand for further proceedings, if necessary, and for entry of an appropriate judgment.

REVERSED AND REMANDED.