707 F.2d 1042
 113 L.R.R.M. (BNA) 3017, 97 Lab.Cas. P 10,212
 Tom J. McNAUGHTON, Plaintiff-Appellant,
v.
DILLINGHAM CORPORATION, a Hawaii Corporation, doing business
as Dillingham Ship Repair, Portland, Oregon; and Local #
1020 of the United Brotherhood of Carpenters and Joiners of
America, AFL-CIO, Defendants-Appellees,
 No. 82-3211.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Jan. 5, 1983.
Decided June 7, 1983.
 
 1
 Paul J. Kelly, Jr., Glasgow, Labarre & Kelly, Portland, Or., for plaintiff-appellant.
 
 
 2
 Wayne D. Landsverk, Newcomb, Sabin, Meyer & Schwartz, David Cash, Doble, Francesconi & Welch, Portland, Or., for defendants-appellees.
 
 
 3
 Appeal from United States District Court for the District of Oregon.
 
 
 4
 Before WALLACE and SCHROEDER, Circuit Judges, and COYLE,* District Judge.
 
 COYLE, District Judge:
 
 5
 This is an action brought by a union member under Sec. 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. Sec. 185 against both his former employer, Dillingham Corporation, and his local union. On December 12, 1980, defendant Dillingham discharged plaintiff for alleged sexual harassment of another employee. Plaintiff protested his discharge to his union. Subsequently, the Local, acting as plaintiff's representative, submitted plaintiff's grievance to Dillingham. Representatives of the union and the employer met for the purpose of adjusting plaintiff's grievance. On or about January 16, 1981, Dillingham notified the Local in writing that it intended to sustain its discharge. The Local declined to pursue plaintiff's grievance any further.
 
 
 6
 In his complaint, plaintiff alleged that defendant Dillingham wrongfully discharged plaintiff. Plaintiff also claimed that his local union breached its duty of fair representation by refusing to press plaintiff's grievance through the grievance procedures provided by the collective bargaining agreement.
 
 
 7
 This action was commenced in the district court on October 20, 1981, nine months after his alleged wrongful discharge. Both the Local and Dillingham raised the statute of limitations as a defense to the action. In its motion to dismiss, Dillingham argued that either the six-month limitation period for bringing an unfair labor practice claim pursuant to Section 10(b) of the National Labor Relations Act, 29 U.S.C. Sec. 160(b) or Oregon's twenty-day limitation period for filing exceptions to arbitration awards, Or.Rev.Stat. Sec. 33.310 (1981), barred plaintiff's claim against his former employer. Plaintiff argued that the appropriate statute of limitations was either Oregon's two-year limitation on tort actions or its six-year limitation on actions upon contract or upon liabilities created by statute. On March 16, 1982, the district court dismissed plaintiff's action against both the employer and the union as time-barred under Or.Rev.Stat. Sec. 33.310.
 
 
 8
 I. Plaintiff's Claim Against Dillingham.
 
 
 9
 First, we will address whether plaintiff's claim against Dillingham is barred by Oregon's twenty-day statute of limitations. In light of the absence of an express statute of limitations for suits brought under Sec. 301 of the LMRA, the timeliness of such actions is determined by reference to the appropriate state statute of limitations. United Parcel Service, Inc. v. Mitchell, 451 U.S. 56, 60, 101 S.Ct. 1559, 1562-63, 67 L.Ed.2d 732, 738-39 (1981); UAW v. Hoosier Cardinal Corp., 383 U.S. 696, 704-05, 86 S.Ct. 1107, 1112-13, 16 L.Ed.2d 192, 199 (1966). It is the duty of the federal court to characterize the action, without reference to state law, and then to apply the appropriate state statute of limitations. Washington v. Northland Marine Co., Inc., 681 F.2d 582, 584 (9th Cir.1982); Christianson v. Pioneer Sand & Gravel Co., 681 F.2d 577, 581 (9th Cir.1982).
 
 
 10
 Relying upon Mitchell, supra, and Local 1020, United Brotherhood of Carpenters & Joiners v. FMC Corp., 658 F.2d 1285 (9th Cir.1981), the district court characterized plaintiff's suit as an action to vacate an arbitration award and applied Or.Rev.Stat. Sec. 33.310 as the most appropriate statute of limitations.
 
 
 11
 We agree with the district court's analysis as it applies to the employer. In Mitchell, an employee filed a complaint against his union and former employer under Sec. 301(a) of LMRA seventeen months after a joint grievance panel of union and company representatives upheld his discharge. The Supreme Court held that the appropriate statute of limitations on Mitchell's suit against the employer was New York's 90-day limit on applications to vacate an arbitration award rather than New York's six-year limitation for breach of contract actions. The Court's decision emphasized the need for relatively rapid and certain resolution of labor disputes:
 
 
 12
 We said in Hoosier Cardinal that one of the leading federal policies in this area is the 'relatively rapid disposition of labor disputes.' 383 U.S., at 707 [86 S.Ct. at 1114]. Cf. 29 U.S.C. Sec. 160(b) (6-month period under NLRA). This policy was one of the reasons the Court in Hoosier Cardinal chose the generally shorter period for actions based on an oral contract rather than that for actions upon a written contract, 383 U.S., at 707 [86 S.Ct. at 1114], and similar analysis supports our adoption of the shorter period for actions to vacate an arbitration award in this case.
 
 
 13
 ... Although the present case involves a fairly mundane and discrete wrongful-discharge complaint, the grievance and arbitration procedure often processes disputes involving interpretation of critical terms in the collective-bargaining agreement affecting the entire relationship between company and union. See, e.g., Humphrey v. Moore, 375 U.S. 335, 84 S.Ct. 363, 11 L.Ed.2d 370, supra, (seniority rights of all employees). This system, with its heavy emphasis on grievance, arbitration, and the 'law of the shop,' could easily become unworkable if a decision which has given 'meaning and content' to the terms of an agreement, and even affected subsequent modifications of the agreement, could suddenly be called into question as much as six years later.
 
 
 14
 451 U.S. at 63-64, 101 S.Ct. at 1564, 67 L.Ed.2d at 740-41 (footnote omitted).
 
 
 15
 Local 1020 was an appeal from a district court's dismissal of a Sec. 301 suit to overturn an arbitrator's award in a jurisdictional dispute between a union and employer. The union filed the complaint five months after the date of the arbitrator's award. 658 F.2d at 1287. After considering several possible statutes of limitations including Oregon's six-year limitation for an action on a contract, the court selected Oregon's twenty-day limitation for filing exceptions to an arbitration award as the most appropriate statute of limitations.[1] Id. at 1289-90.
 
 
 16
 According to plaintiff, the absence of an arbitration award in the instant case distinguishes it from both Mitchell and Local 1020. Plaintiff argues that this suit cannot be characterized as an action to vacate an arbitration award because unlike an arbitration award, a decision by the Local not to take his grievance to arbitration is not final and binding.
 
 
 17
 Plaintiff relies heavily on this court's recent decision in Christianson v. Pioneer Sand & Gravel Co., 681 F.2d 577 (9th Cir.1982) to support this distinction. In that case, union members brought a Sec. 301 action against both their local union and former employer, alleging that the employer violated seniority provisions of the applicable collective bargaining agreement and that the union breached its duty of fair representation by failing to press plaintiffs' complaints through the grievance and arbitration procedures established by the collective bargaining agreement. The suit was commenced almost six years after the employer's actions of which plaintiffs complained. Id. at 578. A panel of this circuit affirmed the district court's ruling that the appropriate statute of limitations on the employee's suit against their former employer was Washington's three-year limitation for actions upon an oral contract rather than Washington's six-year limitation for actions on written contracts.
 
 
 18
 The portion of the Christianson opinion upon which plaintiff places particular reliance is a discussion of a preliminary matter unrelated to the statute of limitations question. The threshold issue in the case was whether the dismissal of appellants' claim against the union from which appellants did not appeal precluded them from recovering against their former employer. Id. at 579. In Hines v. Anchor Motor Freight, Inc., 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1978) and Mitchell, the Supreme Court stated that a plaintiff must prove a breach of the union's duty of fair representation in order to prevail against either the company or union in a Sec. 301 action.
 
 
 19
 The Christianson court's conclusion that appellants could recover from their former employer was based upon a distinction it saw between these Supreme Court precedents and the case before it:
 
 
 20
 Even if Justice Stewart's contention that an employee must prevail on his claim against his union before he can reach the issue involving his employer constitutes a correct statement of the majority's holding in Mitchell, that concept is inapplicable here. Both Mitchell and Hines were suits to vacate arbitration awards. When an arbitration decision has been rendered, the interest in finality of that decision is sufficiently strong to warrant clear evidence of a breach of a union's duty of fair representation before the courts should overturn the arbitration award. In the present case, however, the arbitration process was never reached; in fact, the Union never even processed appellant's grievances. Therefore, the concept of finality, which controlled in Hines and Mitchell, is totally inapposite here.
 
 
 21
 Absent the special consideration of preserving the finality of arbitration, that was present in Mitchell, we hesitate to apply Justice Stewart's suggestion that an employee must prevail against his union in order to make his claim against the employer for breach of a collective bargaining agreement. The respective breaches of duty by the union and the employer often may be wholly unrelated, and we see no reason why an employee's failure to prevail upon his claim of breach by one of the two should preclude recovery from the other. See Vaca v. Sipes, 386 U.S. 171, 195-98, 87 S.Ct. 903, 919-921, 17 L.Ed.2d 842 (1967); Czosek v. O'Mara, 397 U.S. 25, 29, 90 S.Ct. 770, 773, 25 L.Ed.2d 21 (1970). Such a rule would prove especially harsh where, as here, the employee has lost one of his claims, not on the merits, but on the basis of a statute of limitations.
 
 
 22
 681 F.2d at 579-80.
 
 
 23
 We are not persuaded that this language supports plaintiff's position that his suit against Dillingham should be characterized as a tort or contract action rather than an action to vacate an arbitration award. The Christianson court's conclusion that the absence of an arbitration award rendered the Supreme Court's concern regarding the finality of arbitration inapposite was made in the context of deciding whether an employee must prevail against his union in order to bring an action against the employer for breach of a collective bargaining agreement. Here, we are asked to decide what the proper characterization for plaintiff's action is against Dillingham and to apply the most analogous state statute of limitations. Christianson is distinguishable from the instant case because no state statute of limitations to vacate an arbitration award was in issue. Although the state of Washington has a 90-day arbitration statute of limitations, Wash.Rev.Code Sec. 7.04.180 (1961), the defendant in Christianson had no need to raise it since the claim was barred by a three-year statute of limitations. Moreover, the district court decided Christianson prior to the Supreme Court's decision in Mitchell.
 
 
 24
 We reach the same conclusion as other circuits that have considered this question; there is no reason why a different statute of limitations should apply to an action involving a grievance which the union and employer disposed of without arbitration than to an action involving an arbitrated grievance. Hall v. Printing and Graphic Arts Union, Local # 3, 696 F.2d 494 (7th Cir.1982); Badon v. General Motors Corp., 679 F.2d 93 (6th Cir.1982). In both instances, the aggrieved employee may challenge the employer's action by availing himself of the grievance procedure established by the collective bargaining agreement. The disposition of the employee's grievance becomes final at whatever stage of the grievance procedure the union and employer resolve the grievance or terminate further consideration of it.[2] See UMW v. Barnes & Tucker Co., 561 F.2d 1093, 1096 (3d Cir.1977) ("It is not arbitration per se that federal policy favors, but rather final adjustment of differences by a means selected by the parties."). McNaughton's present action against Dillingham is analogous in nature to one to vacate an arbitration award because he is "attempting to resurrect a grievance previously laid to rest." Hall, supra, 696 F.2d at 497.
 
 
 25
 A contrary ruling would be inconsistent with the policy of rapid disposition of labor disputes. It would be anomalous to apply a twenty-day statute of limitations when an employee's grievance was arbitrated and a two or six-year statute of limitations when a union pursued a grievance, but disposed of it without reaching arbitration. Arbitration is the last stage in the grievance process. Federal labor policy favors settlement of grievances before this final stage. See Vaca v. Sipes, 386 U.S. 171, 191, 87 S.Ct. 903, 917, 17 L.Ed.2d 842, 858 (1967). An employer would be reluctant to settle a grievance early on, if by doing so, it was subjecting itself to a lawsuit as much as six years down the road for which it could be held liable for back wages.[3] "This would greatly increase the cost of the grievance machinery and could so overburden the arbitration process as to prevent it from functioning successfully." Id. at 192, 87 S.Ct. at 917-18, 17 L.Ed.2d at 858-59.
 
 
 26
 Although the twenty-day limitation provided by Or.Rev.Stat. Sec. 33.310 is a short period of time in which to file a Sec. 301 suit against an employer, we cannot say that it is so short that "it unduly qualifies or diminishes the federal right the cause of action seeks to protect." San Diego County Dist. Council v. Cory, 685 F.2d 1137, 1139 (9th Cir.1982). We agree with the district court that the twenty-day period does not begin to run until the plaintiff knows or had reason to know that his union had disposed of or was no longer pursuing his grievance.[4]
 
 
 27
 We conclude that the district court correctly dismissed plaintiff's action against Dillingham as time-barred under Or.Rev.Stat. Sec. 33.310.[5]
 
 
 28
 II. Plaintiff's Claim Against the Local.
 
 
 29
 The district court assumed that the twenty-day limitation of Or.Rev.Stat. Sec. 33.310 barred McNaughton's action against the union for breach of its duty of fair representation. Plaintiff urges us to apply either Or.Rev.Stat. 12.110 which imposes a two-year limitation on professional malpractice actions or Or.Rev.Stat. 12.080(1) which imposes a six-year limitation on actions upon a contract or liability. Defendant Local argues that plaintiff's claim against it is analogous to a suit to vacate an arbitration award and that the same statute of limitations should apply to the union as to the employer for the sake of uniformity.
 
 
 30
 In Mitchell, the employer petitioned for review of the court of appeals' decision, but the union did not do so. Therefore, Mitchell did not resolve the question against a union of how an action for unfair representation should be characterized.[6] Justice Stevens, who concurred in part and dissented in part, believed that the claim against the union for unfair representation may not be "characterized as an action to vacate an arbitration award." 451 U.S. at 73, 101 S.Ct. at 1569, 67 L.Ed.2d at 746-47. We agree with his analysis:
 
 
 31
 The arbitration proceeding did not, and indeed, could not, resolve the employee's claim against the union. Although the union was a party to the arbitration, it acted only as the employee's representative; the Joint Panel did not address or resolve any dispute between the employee and the union. Therefore, with respect to the employee's action against the union, the finality and certainty of arbitration are not threatened by the prospect that the employee might prevail on his judicial claim. Because no arbitrator has decided the primary issue presented by this claim, no arbitration award need be undone, even if the employee ultimately prevails.
 
 
 32
 The employee's claim against his union is properly characterized, not as an action to vacate an arbitration award, but rather as a malpractice claim. There is no conceptual reason why that claim may not survive even if the employer is able to rely on the arbitration award as a conclusive determination of its obligations under the collective-bargaining agreement. Thus, by analogy, a lawyer who negligently allows the statute of limitations to run on his client's valid claim may be liable to his client even though the original defendant no longer has any exposure.
 
 
 33
 Id. 451 U.S. at 73-74, 101 S.Ct. at 1569-70, 67 L.Ed.2d at 747 (citation and footnotes omitted).
 
 
 34
 Accordingly, we hold that the Oregon statute of limitations for filing exceptions to an arbitration award does not apply to plaintiff's action against the Local.[7]
 
 
 35
 Our holding in no way undermines the finality and certainty of arbitration awards which Mitchell sought to protect. An arbitration award or non-arbitrated settlement of a grievance is not affected by an employee's successful action against his union. To undo the arbitration award or settlement, the employee still would have to prevail on his claim against the employer for breach of the collective bargaining agreement. Moreover, as Justice Stevens pointed out, it is possible for a union to breach its duty of fair representation without an employer violating the collective bargaining agreement. 451 U.S. at 73 n. 4, 101 S.Ct. at 1569 n. 4, 67 L.Ed.2d at 747 n. 4.
 
 
 36
 Our decision here is consonant with this circuit's recent decision in Washington v. Northland Marine Co., Inc., 681 F.2d 582 (9th Cir.1982). In that case, the court applied Washington's three-year tort limitations period to a duty-of-fair-representation claim rather than Washington's two-year "catch-all" statute of limitations. The court did remark that "application of the three-year statute of limitations will promote uniformity in the limitations period applicable against unions and employers" because in Christianson decided the same day, it had applied Washington's three-year statute of limitations for oral contracts to a Sec. 301 suit against an employer. 681 F.2d at 586-87. Uniformity, however, was only an incidental benefit, and not a critical factor to the court's holding. We reject the Local's argument that the same statute of limitations should apply to plaintiff's claims against the union and the employer. "[U]niformity of limitations periods, although desirable, is not the dominant consideration in selecting the appropriate statute of limitations. Rather, characterization of the claim is the touchstone ...." Christianson, 681 F.2d at 579 n. 1.
 
 
 37
 We conclude, therefore, that Or.Rev.Stat. Sec. 12.110, Oregon's two-year professional malpractice statute, applies to McNaughton's claim against the Local for breach of its duty of fair representation. This would make the action against the union timely commenced.
 
 
 38
 For the reasons stated herein, the district court's dismissal of plaintiff's action against Dillingham is affirmed and the dismissal of the action against the Local is reversed.
 
 
 
 *
 Honorable Robert E. Coyle, United States District Judge for the Eastern District of California, sitting by designation
 
 
 [1]
 The court's selection of Or.Rev.Stat. Sec. 33.310 can be read as either dicta or an alternative holding. The court affirmed the lower court's dismissal of the action on the basis that the union failed to state a claim on which any relief can be granted. 658 F.2d at 1295-96
 
 
 [2]
 This includes the situation where a union member submits a grievance to the union, and the union fails to process the grievance
 
 
 [3]
 If an employee prevails against his employer in a wrongful discharge action and against his union in an action for breach of duty of fair representation, damages are apportioned between the two defendants. Bowen v. United States Postal Service, --- U.S. ----, 103 S.Ct. 588, 74 L.Ed.2d 402 (1983)
 
 
 [4]
 The district court granted plaintiff thirty days to amend his complaint to allege that he neither knew of, nor had reason to know of, the union's failure to pursue his grievance, until twenty days prior to the date on which the complaint was filed. Plaintiff did not amend his complaint
 
 
 [5]
 We do not find this an appropriate case to address Dillingham's suggestion that the court apply the sixth month limitation period under Section 10(b) of the NLRA
 We also decline to address plaintiff's argument that Mitchell should not be applied retroactively because plaintiff did not raise this argument to the court below.
 
 
 [6]
 The Court stated: "We are called upon in this case to determine which state statute of limitations period should be borrowed and applied to an employee's action against his employer under Sec. 301(a) of the Labor Management Relations Act ...." 451 U.S. at 58, 101 S.Ct. at 1559, 1561, 67 L.Ed.2d at 737 (emphasis added)
 In Singer v. Flying Tiger Line, Inc., 652 F.2d 1349 (9th Cir.1981), a panel of this circuit believed that the rule in Mitchell extended to suits against the union:
 In the future, as Mitchell requires, when the action is commenced after an unfavorable arbitral decision, we shall treat suits against a union for breach of the duty of fair representation and against an employer for a breach of collective bargaining agreement under [a limitations statute for vacating arbitration awards].
 Id. at 1353.
 The court, however, declined to apply Mitchell retroactively. Id. The court's belief that Mitchell's holding applied to actions against a union for unfair representation apparently was based on an erroneous assumption that the union as well as the employer had appealed from the ruling of the court of appeals. See id. We now correct this error.
 
 
 [7]
 Several other circuits have characterized an action against a union for a breach of the duty of fair representation as a tort or malpractice claim. Newton v. Local 801, 684 F.2d 401, 403 (6th Cir.1982) (applying six-year statutory liability limitations statute); Edwards v. Sea-Land Service, Inc., 678 F.2d 1276, 1292 (5th Cir.1982) (applying two-year statute of limitations on tort actions); Flowers v. Local 2602 of United Steel Workers, 671 F.2d 87, 91 (2d Cir.), cert. granted sub. nom. Del Costello v. Int'l. Brotherhood of Teamsters, --- U.S. ----, 103 S.Ct. 442, 74 L.Ed.2d 599 (1982) (applying three-year statute of limitations for malpractice actions)
 The Seventh Circuit has adopted the sixth month limitations rule of Section 10(b) of the National Labor Relations Act. Hall v. Printing & Graphic Arts Union, Local # 3, 696 F.2d 494, 498-99 (7th Cir.1982).