**MILLMEN'S UNION LOCAL NO. 1120, Plaintiff,**

v.

**PAY LESS DRUG STORES NORTH-WEST, INC., a foreign corporation, dba Payless Fixtures, Defendant.**

**Civ. No. 83–1146.**

United States District Court, D. Oregon.

July 5, 1984.

David S. Paull, Paull & Barnett, Portland, Or., for plaintiff.

Jack B. Schwartz, Wayne D. Landsverk, Newcomb, Sabin, Meyer & Schwartz, Portland, Or., for defendant.

## OPINION AND ORDER

PANNER, District Judge.

Plaintiff union brings this action under section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185(a), to compel arbitration of an alleged grievance. Plaintiff asserts defendant employer's practice of hiring carpenters from an outside union violates a seniority provision in the parties' collective bargaining agreement. Defendant argues the complaint states a "jurisditional dispute" between two unions which is not arbitrable.

Both parties move for summary judgment. Defendant argues the proper statute of limitations is twenty days; it wrongfully failed to arbitrate, if at all, more than six months before this action was filed; and plaintiff's complaint states a jurisdictional dispute over which the National Labor Relations Board (NLRB) has exclusive jurisdiction. Plaintiff argues the proper

limitation period is six years and that its complaint is for "misassignment of work," a claim amenable to arbitration.

Magistrate Leavy filed findings and recommendations on February 10, 1984, recommending denial of both motions for summary judgment. He concluded that the proper statute of limitations in an action to compel arbitration is the six month period in the National Labor Relations Act (NLRA) and that the date defendant refused to arbitrate is an issue of material fact. Both parties filed objections.[1] I ADOPT the findings and recommendations and DENY both motions for summary judgment.

## DISCUSSION

■ Plaintiff argues the Supreme Court's decision in *John Wiley & Sons v. Livingston*, 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964), compels a conclusion that the arbitrator must decide the applicable limitation period and whether this action was timely filed. The *Wiley* decision dictates that once the parties are found obligated to submit a dispute to arbitration, the arbitrator will decide the " 'procedural' questions which grow out of the dispute and bear on its final disposition." *Id.* at 557, 84 S.Ct. at 918. The proper limitation period, and whether plaintiff timely filed its action to compel arbitration, are threshold questions that bear on whether this court has jurisdiction to compel arbitration. Therefore, these issues are properly before me.

### A. *Proper Statute Of Limitations In Actions To Compel Arbitration.*

■ There is no statute of limitations for section 301 of the LMRA. I must therefore characterize this action, *see United Parcel Service v. Mitchell*, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981), and then select the appropriate limitation period, preferably one drawn from state law. *See*

---

1. The parties make the same arguments here as they did before Magistrate Leavy, except that the defendant now argues solely for the twenty

day limitation period, while previously it argued in the alternative for a six month period.

*id.* at 60, 101 S.Ct. at 1562; *Christianson v. Pioneer Sand & Gravel Co.,* 681 F.2d 577 (9th Cir.1982). The *federal* six month period for bringing an unfair labor practice charge was applied by the Supreme Court in *DelCostello v. International Brotherhood of Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), to an action it characterized as a "hybrid § 301/fair representation claim" against both an employer and a union. The Court reasoned that under some circumstances analogous state limitation periods may be at odds with federal labor policy.

In the present action three different limitation periods are possible: (1) Oregon's twenty day period for seeking vacation of arbitration awards (O.R.S. 33.310)[2]; (2) the six month period in section 10(b) of the NLRA for bringing a charge of unfair labor practices, 29 U.S.C. § 160(b); or (3) Oregon's six year period for breach of contract actions (O.R.S. 12.080(1)). Plaintiff argues for the six year period, defendant seeks the twenty day period, and Magistrate Leavy recommends the six month period.

Defendant reasons that an action to compel arbitration is analogous to an action to vacate an arbitration award, as both attack the termination of a grievance procedure. It relies on recent Ninth Circuit decisions which have applied the twenty day period to actions under section 301.

In *McNaughton v. Dillingham Corp.,* 707 F.2d 1042 (9th Cir.1983), *reh'g denied,* 722 F.2d 1459 (1984), the court applied two different limitation periods to an action under section 301 against both a union and an employer. It upheld the decision to apply Oregon's twenty day period to the claim against the employer for an alleged illegal discharge of plaintiff, analogizing the claim to an action to vacate an arbitration award. Oregon's two year period for professional malpractice actions was applied to the claim against the union for its alleged failure to represent its members. The court

held the Supreme Court's adoption of a six month period in *DelCostello, supra,* was not retroactive. 722 F.2d 1459.

In *United Brotherhood of Carpenters & Joiners v. FMC Corp.,* 724 F.2d 815 (9th Cir.1984), *modified, reh'g denied,* the court held the twenty day period applied to an action under section 301 to vacate an arbitration award. The court refused to apply the six month period for bringing a charge of unfair labor practices, reasoning that (1) an action to vacate an arbitration award is more a challenge to an arbitrator's interpretation of a contract than a charge of unfair labor practices, (2) the plaintiff was a union, not an unsophisticated employee as in *DelCostello,* and (3) the twenty day period furthers the policy of a speedy resolution of labor disputes.

The *United Brotherhood* decision does not control the present action. An employer's alleged wrongful refusal to arbitrate is more analogous to an unfair labor practice than is an arbitrator's interpretation of a collective bargaining agreement. The present action differs as well from the "hybrid" claims at issue in *McNaughton.* Therefore, although the present action was filed prior to the Supreme Court's decision in *DelCostello,* I am not bound to apply the twenty day limitation period to plaintiff's claim.

Defendant also cites *General Teamsters v. DeBolt Transfer, Inc.,* 525 F.Supp. 1238 (W.D.Pa.1981). That case held that Pennsylvania's thirty day limitation period for appeals from arbitration awards applied in actions to compel arbitration. The case was decided before *DelCostello* and I decline to follow it for policy reasons. Where an employer refuses to arbitrate a grievance, a mere twenty day period to bring an action to compel such arbitration is not conducive to settlement negotiations. Time for negotiations is unnecessary prior to an action to vacate an arbitration award, as the very fact that arbitration was needed demonstrates that the parties could not

---

**2.** Oregon Revised Statute 33.230 authorizes a court to compel arbitration, but that provision

contains no limitation period.

reach an agreement on their own. But a labor relations system built on a collective bargaining agreement which anticipates a non-judicial resolution of disputes is not well served by a hasty resort to judicial remedies before the system is given a chance to work. Finally, the Court in *DelCostello* recognized the difficulty in ascertaining precisely when a cause of action accrues. A limitation period longer than twenty days in many cases allows an opportunity for settlement without such negotiations creating an issue of accrual in every action later brought. *See, e.g., Sheet Metal Workers International Association v. Brod & McClung-Pace Co.*, Civ. No. 83–629–FR, slip op. at 4 (D.Or. May 3, 1984) (Frye, J.) (Order). In short, I conclude that application of Oregon's twenty day limitation period would conflict with federal labor policy. *See DelCostello, supra.*

Plaintiff asks me to apply Oregon's six year limitation period for actions on a contract. It analogizes an employer's wrongful refusal to arbitrate to an action for breach of contract. Plaintiff relies on the Ninth Circuit authority of *Christianson v. Pioneer Sand & Gravel Co.*, 681 F.2d 577 (9th Cir.1982), and *Washington v. North Land Marine Co.*, 681 F.2d 582 (9th Cir. 1982). Neither case involves an action to compel arbitration. Both were decided before *DelCostello*. In *Washington*, the court applied a three year tort limitation period to an action against a union for its alleged failure to represent its members. The decision in *United Brotherhood, supra*, suggests that such an action should be filed within six months. In *Christianson*, union members sued both their employer and union alleging the employer violated provisions of a collective bargaining agreement with which it had orally agreed to comply, and the union breached its duty to represent them by failing to pursue arbitration. The court applied the three year limitation period for actions on oral contracts to the cause of action against the employer.

Policy reasons expressed in both *Christianson* and *Washington* support use of the six month period in the present action. The court in *Washington* reasoned that three years is short enough to promote reasonably rapid resolution of labor disputes. The same cannot be said of a six year period. The *Christianson* court applied a three year period for oral contracts, rather than a six year period for written contracts, to further the same goal. The adoption of the three year period by the *Christianson* court was further designed to promote uniformity, as a three year tort statute had been applied in *Washington* to an action for a union's failure to represent. Since an action to compel arbitration against an employer who has wrongfully refused to arbitrate is analogous to an action to redress an unfair labor practice, the goal of uniformity is furthered by use of the six month period in both types of actions.

Finally, plaintiff relies on the Supreme Court's decision in *Auto Workers v. Hoosier Corp.*, 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966), where the Court applied Indiana's six year statute for actions on oral contracts to bar the untimely claim of a union. The union had sought to apply Indiana's twenty year period for actions on a written contract to its action for an alleged breach of a provision in its collective bargaining agreement. This decision was distinguished in *DelCostello* on several grounds. The parties in *Hoosier* had not agreed to submit disputes to arbitration. The Court reasoned that the policy of national uniformity was less important where the action did not involve "those consensual processes that federal labor law is chiefly designed to promote—the formation of the collective agreement and the private settlement of disputes under it." *DelCostello*, 103 S.Ct. at 2289, quoting *Hoosier*, 383 U.S. at 702, 86 S.Ct. at 1111. Finally, the action in *Hoosier* presented a close analogy to an "ordinary" breach of contract action. 103 S.Ct. at 2289.

The *DelCostello* Court held the six month period in section 10(b) of the

NLRA[3] applies to "hybrid" actions brought by an employee who alleges both that (1) the union breached its duty of fair representation and (2) the employer breached a provision in the collective bargaining agreement. The rationale for applying this six month period instead of Maryland's thirty day limitation period for actions to vacate an arbitration award, or New York's three year malpractice action period, included: (1) an employer's alleged violation of a collective bargaining agreement and a union's alleged failure to adequately represent an employee bear at least a "family resemblance" to unfair labor practices; (2) the need for national uniformity in actions involving the settlement of disputes under a collective bargaining agreement; and (3) the policy of "relatively rapid" resolution of labor disputes.

An employer's wrongful refusal to comply with the agreed upon procedure for resolving disputes bears a "family resemblance" to an unfair labor practice. Uniformity is important. Labor disputes should be resolved rapidly. I agree with Magistrate Leavy—and with Judge Frye, *see Sheet Metal Workers, supra,*—that the proper statute of limitations period in Oregon in an action to compel arbitration is the six month period specified in section 10(b) of the NLRA.[4]

### B. *Timeliness Of Action Under Six Month Period.*

██ Plaintiff filed this action on July 27, 1983. Steve Wolfe, defendant's employees relations manager, stated by affidavit that plaintiff submitted a grievance form on January 10, 1983. On January 13, 1983, he wrote plaintiff:

> Please be advised that I do not recognize your letter of January 10, 1983, as a grievance, in that it is not timely and

clearly attempts to amend or otherwise modify the past interpretation, application, and practice of our agreement.

> I consider your grievance, at best, a jurisdictional dispute with the same union. If there is a problem here, I would be only too happy to discuss it with the Millmen and the Carpenters Union, but I cannot consider it a grievance.

Wolfe states he never altered this position. However, Larry Hodgin, plaintiff's business agent, states by affidavit that the parties discussed the merits of the complaint subsequent to Wolfe's letter, and that Wolfe stated repeatedly that his attorney was studying whether it should go to arbitration. Hodgin states further that the parties discussed the selection of a panel of arbitrators, and that defendant's unequivocal refusal to arbitrate did not come until June 6, 1983. Finally, Hodgin states plaintiff complied with the contractual prerequisites for submitting a dispute to arbitration.

Magistrate Leavy found issues of material fact existed as to when defendant unequivocally refused to arbitrate. I agree with his recommendation. The resolution of this issue determines whether the present action is timely. Accordingly, I DENY the cross motions for summary judgment.

### C. *Arbitrability Of Dispute.*

██ Defendant argues that plaintiff's complaint is a "jurisdictional dispute" over which the NLRB has exclusive jurisdiction precluding submission to an arbitrator. Magistrate Leavy did not submit a recommendation on this question. Although the NLRB may have exclusive jurisdiction over a jurisdictional dispute, plaintiff's complaint arises under the parties' collective

---

**3.** Section 10(b), 29 U.S.C. § 160(b), provides in relevant part that "no complaint shall issue based upon any unfair labor practice occurring more than six months prior to the filing of the charge with the Board ...."

**4.** Defendant argues that such a refusal would present an actionable violation under the NLRA

for a breach of the employer's duty to bargain. Therefore, although "[t]he Supreme Court approves drawing a limitation period from state law when the § 301 claim does not resemble an unfair labor practice charge," *United Brotherhood, supra,* I need not do so here.

bargaining agreement (Agreement) and is amenable to arbitration.

Defendant does not dispute that it was bound by the Agreement at the time plaintiff's complaint arose. That Agreement provides a seniority plan in Article VIII. The Agreement further provides that "any dispute brought against the Employer arising during the term of this Agreement over the application and/or interpretation of this Agreement or any violation thereof" is subject to arbitration. Article IX, § 1 (attached to Complaint). Plaintiff's complaint is simply that defendant has assigned work to field carpenters in violation of the Agreement's seniority provisions. Plaintiff does not characterize the complaint as a dispute between two unions. Moreover, plaintiff and the supposedly rival union are part of the same International, and the affidavit of the second union's business agent states that his union does not claim the work that is subject of plaintiff's complaint. Accordingly, I find plaintiff's complaint is arbitrable.

## CONCLUSION

Plaintiff's complaint is arbitrable. The proper limitation period for an action to compel arbitration is six months. There is an issue of material fact whether this action was timely filed. The motions for summary judgment are DENIED. I do not find that defendant's arguments were asserted in bad faith and I DENY plaintiff's request for attorney fees.

IT IS SO ORDERED.